United States District Court
Southern District of Texas
**ENTERED**
January 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ERNESTO BENAVIDES, JR., §<br>Petitioner §<br> §<br>v. §<br> §<br>LORIE DAVIS, Director, Texas §<br>Department of Criminal Justice, §<br>Correctional Institutions Division, §<br>Respondent. § | Civil Action No. 1:20-cv-010 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Ernesto Benavides Jr.'s 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, Benavides's "Petition" or "Third Petition") and his "Memorandum of Law in Support of Petition for Writ of Habeas Corpus by a Person in State Custody 28 U.S.C. § 2254" (hereinafter, Benavides's "Memorandum in Support"). Dkt. Nos. 1 and 2. For the reasons provided below, it is recommended that the Court **DISMISS** Benavides's Petition as a successive petition pursuant to 28 U.S.C. § 2244(b).[1] Additionally, it is recommended that the Court decline to issue a certificate of appealability.

## I. Discussion

Benavides's instant Petition is the third § 2254 petition he has filed in this Division. He filed his first § 2254 petition (hereinafter, "First Petition") in September

---

[1] The dismissal of Benavides's Petition will render moot the requests contained in his Memorandum in Support.

of 2015. *See Benavides v. Davis*, Civil Action No. 1:15-181, 2016 WL 8671864, at *2 (S.D. Tex. Aug. 5, 2016), *report and recommendation adopted*, No. B-15-181, 2016 WL 4800879 (S.D. Tex. Sept. 14, 2016). He filed his second § 2254 petition (hereinafter, "Second Petition") on December 13, 2018. *See Benavides v. Davis*, Civil Action No. B-18-CV-202, Dkt. No. 1 at 10. Benavides identifies himself with Prisoner I.D. Number 1910125 in his First, Second, and Third Petitions. *See id.* at 1-2; Dkt. No. 1 at 1-2, and *Benavides v. Davis*, Civil Action No. 1:15-181, Dkt. No. 1 at 1-2. His First and Second Petitions attack the same conviction as his Third Petition. *Id.*

United States District Judge Andrew S. Hanen dismissed Benavides's First Petition as untimely; and, alternatively, on the merits, on September 14, 2016. *Benavides v. Davis*, No. B-15-181, 2016 WL 4800879, at *1 (S.D. Tex. Sept. 14, 2016) ("Ernesto Benavides's petition for writ of habeas corpus by a person in state custody pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is dismissed as untimely filed. Alternatively, this Court denies the Petitioner the relief he seeks on the merits of the § 2254 claims."). Benavides then moved for a certificate of appealability with the Court of Appeals for the Fifth Circuit. *See Benavides v. Davis*, No. 16-41392, 2017 WL 6804103, at *1 (5th Cir. Aug. 4, 2017). The Fifth Circuit dismissed his request on August 4, 2017. *Id.* at 2. The Supreme Court of the United States denied Benavides's petition for writ of certiorari on October 30, 2017. *Benavides v. Davis*, 138 S. Ct. 386, 199 L. Ed. 2d 286 (2017).

On March 19, 2019, United States District Judge Rolando Olvera dismissed Benavides's Second Petition as successive pursuant to 28 U.S.C. § 2244(b). *See Benavides v. Davis*, No. B-18-CV-00202, 2019 WL 1255197, at *1 (S.D. Tex. Mar. 19,

2019), *adopting Benavides v. Davis*, No. B-18-CV-202, 2019 WL 1259088, at *3 (S.D. Tex. Jan. 13, 2019). Section 2244(b) of Title 28 applies to state prisoners who seek relief pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244. In relevant part, § 2244(b) provides:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.*

After Judge Olvera dismissed his Second Petition, Benavides attempted to satisfy § 2244(b) by filing a motion with the Fifth Circuit seeking authorization to file a successive § 2254 Petition. *See* Dkt. No. 1 at 11 (referencing his motion "for the Fifth Circuit in Case No. 19-40291"). On May 17, 2019, the Fifth Circuit denied Benavides's motion. *See In Re Ernesto Benavides, Jr.*, No. 19-40291 (Per Curiam

Order dated May 17, 2019). Benavides has not alleged or demonstrated that he has received authorization from the Fifth Circuit to file his Third Petition in this Court. *See generally* Dkt. No. 1 and Dkt. No. 2.

> Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit Court of Appeals to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

*Taylor v. Davis*, 2018 WL 5026280, at *2. Benavides has not alleged or shown that he can meet the requirements of § 2244(b)(2)(A) or (B). *See generally* Dkt. No. 1 and Dkt. No. 2. Accordingly, as transfer would be inefficient, it is recommended that Benavides's Third Petition be dismissed pursuant to § 2244(b).

## II. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. Where claims have been dismissed on procedural grounds, the

movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Benavides has not made a substantial showing of the denial of a constitutional right.

### III. Recommendation

It is recommended that the Court **DISMISS** Benavides's Third Petition (Dkt. No. 1) as a successive petition pursuant to 28 U.S.C. § 2244(b). The dismissal of Benavides's Third Petition will render moot the requests contained in his Memorandum in Support. It is additionally recommended that the Court decline to issue a certificate of appealability.

### IV. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been

served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 22nd day of January, 2020.

_____
Ignacio Torteya, III
United States Magistrate Judge